IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

FIDENCIO GARCIA-GARCIA                                                    PLAINTIFF

v.                                  3:23-cv-00147-DPM-JJV

DOE                                                                       DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.   DISCUSSION**

Fidencio Garcia-Garcia ("Plaintiff") is a pretrial detainee at the Poinsett County Detention Center. He has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983.

**II.  SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, the "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows individuals to bring suit against persons who, under color of state law, have caused them to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff says he broke his leg when his rack fell to the floor. (Doc. 2.) Because Plaintiff did not name any Defendants in his Complaint, the Clerk has listed the Defendant as "Doe." As relief, Plaintiff seeks $50,000 in damages and his release from custody. After careful consideration, I conclude Plaintiff has failed to plead a plausible claim for relief for the following reasons.

First, Plaintiff says the rack fell because the weld attaching it to the wall broke. But he has not provided any facts explaining how county officials are responsible. And it is well settled a constitutional claim cannot be based on mere negligence or even gross negligence. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 910 n. 5 (8th Cir. 2020) ("It still remains true that liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"); *Tucker v. Evans,* 276 F.3d 999, 1002 (8th Cir. 2002) (conduct that points to negligence or even gross negligence is insufficient to establish a constitutional violation); *Davis v. Dorsey*, 167 F.3d 411, 412 (8th Cir. 1999) (pretrial detainee's fall in the jail shower after defendants ignored complaints of standing water amounted to no more than negligence).

Second, Plaintiff only brings an official capacity claim, which "must be treated as a suit against the County." *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Poinsett County cannot be held vicariously liable for any of its employee's actions in a § 1983 lawsuit. *Id.* Instead, Poinsett County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, MO.,* 829 F.3d 695, 699 (8th Cir. 2016). Because Plaintiff has not raised any such facts, he has failed to plead a plausible official capacity claim.

Finally, Plaintiff's request for release from prison is improper because it is unrelated to his underlying claim. *See* 18 U.S.C. § 3626(a)(1) ("in any civil action with respect to prison conditions" the "court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right) (emphasis added). And, importantly, release from state custody can only be obtained in federal court in a habeas action. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement"); *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (a habeas petition, and not a § 1983 action, is the appropriate vehicle for a state prisoner to seek "immediate release or a speedier release from . . . imprisonment").

### IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.  The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim, and this case be CLOSED.

2.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 12th day of July 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE